Roy A. and Lola E. Fellows v. Commissioner.
Fellows v. Commissioner
Docket No. 15723.
United States Tax Court
1950 Tax Ct. Memo LEXIS 300; 9 T.C.M. (CCH) 35; T.C.M. (RIA) 50014; January 17, 1950
*300 Woodrow S. Wilson, Esq., and Milton S. Musser, Esq., for the petitioners. H. A. Melville, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income tax liability for the calendar years 1944 and 1945. Deficiency was determined in the amount of $336.24 for the year 1944. The deficiency notice for the year 1945 recites on the first page thereof a deficiency of $45.76, but by amended answer the respondent pleads that the correct deficiency for the year 1945 was $255.85, and that the $45.76 is, as shown upon the computation attached to the deficiency notice, not the amount of deficiency but the amount of deficiency in payment. The principal issue presented is whether or not the Commissioner erred in disallowing deductions claimed for interest, taxes, losses, medical expense, business expense and "miscellaneous" expenses. In addition, there is an issue as to whether the Commissioner erred in disallowance of loss in the operation of a beauty shop, also, an issue as to whether there was gain on the sale of real property. The Commissioner by amended answer asserted the negligence penalty under Section 293(a), Internal Revenue Code *301 . The parties have each, upon brief, made some concessions which will be reflected in the decision entered. We make the following Findings of Fact The petitioners are husband and wife, residing in Yucaipa, California. In 1944 they resided at Pasadena, California. Their Federal income tax returns for the taxable years were filed with the collector for the sixth district of California. For 1944, petitioner Roy A. Fellows was paid $4,084.15 total wages and reported that amount in his income tax return. During the taxable years the petitioner Roy A. Fellows, who will be hereinafter sometimes referred to as petitioner, was a pipe fitter employed by the California shipyards. Lola E. Fellows was, during the year 1944, operating, as proprietor, a beauty shop in Pasadena. In 1945 she worked in a beauty shop. Lola was a member of the Christian Science Church. She attended regularly and Roy attended occasionally. They made contributions during the taxable years to the Christian Science Church. On August 10, 1944, the petitioners sold their home, which had been purchased in 1938, and reported in their Federal Income tax return for 1944 a gross sales price of $4,500, with a deductible loss of *302 $165.55, being one-half of loss of $331.10. This was after deduction as basis $2,500 purchase price, plus $1,968.10 additions and $363 commission, escrow, advertising, and termite inspection, making a total deduction from sales price of $4,831.10. The property was in bad condition at the time of purchase. It had to have a roof, a new floor, and a toilet, and the front porch which had been eaten up by termites had to be replaced. On the sale of the real estate in August 1944 the petitioners had a net gain of $320.90. The basis for the property, including commission, was $4,179.10. From all of the evidence adduced, we find that in 1944 the petitioners made the following payments: Contributions
To Christian Science Church
$60.00
Red Cross
3.75
Salvation Army
17.50
China Relief
1.00
U.S.O.
5.00
Tuberculosis Society
2.00
Disabled American Veterans
1.00
Community Chest
3.50
Orthopedic Hospital
1.00
March of Dimes
1.00
American Legion
1.00
Veterans of Foreign Wars
1.00
War Chest
1.00
Soldiers and Sailors Relief
1.00
Army and Navy
1.00
Church Relief
25.00
Taxes
Personal property taxes
$ 9.10
Sales tax
37.50
License tax
1.00
Losses
Work clothing lost by fire
$ 7.50
Tools stolen
10.00
*303 The petitioner was required in his work to have specific equipment not usable elsewhere, and incurred expenses thereby, as follows: Miscellaneous Expenses
Helmet
$ 5.00
Leather suit
20.00
Special shoes and repair thereof
20.00
Gloves
$10.00
Rubber boots
5.00
Rubber hat
1.00
Rubber coat
5.00
Laundry of working clothes
35.00
Trade magazines
6.00
Depreciation on small tools
2.50
Union dues
20.00
Unemployment insurance
(The parties agreed that this would
be handled under Rule 50.)
Medical and Dental Expenses
To Dr. McGowan
$50.00
Health and accident insurance
30.00
Christian Science Practitioners
50.00
This case was tried on April 11, 1949. On February 16, 1949, the petitioner received a registered letter from counsel for the respondent, addressed to both petitioners, referring to this case by name and docket number, notifying them to appear on April 4, 1949, for trial, and that they should secure and assemble at once "all available receipts, canceled checks and documents of any character relating to the deductions claimed in your return * * *." Petitioners had already turned over to one Jackson, who had prepared their income tax returns, *304 all receipts, records and canceled checks that they were able to get, including the receipts exhibited in the case in court. Counsel for the petitioners had certain receipts and miscellaneous documents, including checks, which were shown to the respondent's counsel for examination and which were present in court at the time of trial. The petitioners had a joint checking account in 1944 upon which either could draw checks. For the year 1945 the evidence is that the contributions were substantially the same as for 1944. We, therefore, find that payments of contributions were made on the same items and in the same amounts as we have found for 1944. Taxes were paid as follows:
Personal property
$ 1.50
Beauty parlor license
1.00
Sales tax
25.00
Losses were incurred as follows: Work clothing destroyed
$25.00
Theft of small tools
5.00
Miscellaneous expenses were less on a number of items for the year 1944 for the reason that the petitioner worked at the shipyards only about five months in 1945, until about the first of June, after which he worked in a dairy. We did no welding in 1945 and after the welding work had no further need for leather clothes. We, *305 therefore, find no expense for protective clothing-helmet, leather jacket, gloves, or goggles. Expense was incurred for special shoes in the amount of $10 and rain boots, hats and rubber coat in the amount of $10. The expense of laundry of working clothes was $17.50. Business telephone expense was incurred in the amount of $12. Union dues were paid in the sum of $25. Unemployment insurance, the parties agreed at trial, can be handled under Rule 50. A part of the deficiency for each year is due to the negligence of the petitioners. Opinion We first consider the matter of proper amount of deficiency determined as to the year 1945. The first page of the deficiency notice for that year recites $45.76 as the amount of deficiency, but by amended answer respondent alleged, in substance, that such figure was error, that the $45.76 was deficiency in payment and not the statutory deficiency, the true deficiency for the year 1945 being in the amount of $255.85. No reply was filed to such answer and we consider the allegations of the answer as admitted. Moreover, it is apparent from consideration of the entire deficiency notice for 1945 that the use of $45.76 as the amount of deficiency *306 was a numerical error. For 1944 petitioner claimed a loss of $331 on the sale of his property in August 1944. The respondent does not, in general, take issue with the purchase price, the additional bases, or the sales price, but contends that of the items set up as bases the following items should not be allowed: Four years' taxes $160, interest $400, termite control $25, permits $12, zoning fee $30, and commission $25 (the $25 commission being the difference between $250 set up in the return and $225, being the 5 per cent which the petitioner testified was the rate, upon $2,500 the agreed selling price). The petitioner on brief concedes that the items of $160 for taxes and $400 for interest are not proper. We think it plain that the item for termite inspection is improper. The evidence was that this was to make the place livable. There is no explanation of permits or zoning fee to demonstrate that they are proper elements of basis. They are, therefore, disallowed. Under the evidence, the $25 is to be subtracted from the $250 claim as commission. We, therefore, approve the addition of $160.45 capital gain (being one-half of the $320.90 actual profit) to the gross income of petitioners *307 for 1944. With reference to the beauty parlor conducted by Lola Fellows during a portion of 1944, it was stipulated at trial that the loss of $116 set up in the return was not disturbed in the statutory notice and is not before us in this case. The respondent at trial made some suggestion of contention that there was profit instead of loss in the operation of the beauty parlor. However, upon motion to amend to conform to proof this contention is not set up. In any event, we consider the record too indefinite to sustain a finding that there was any profit. Neither profit nor loss is, therefore, determined as to the beauty parlor. The record in this case consists largely in the oral testimony of the only witness, the petitioner Fellows. Although notified prior to trial of the necessity for production of receipts, cancelled checks, and documents relating to the deductions claimed, the petitioners produced practically nothing, offering in evidence only one check and two tax receipts, one of which was in nowise shown to have been the taxes of the petitioners. Apparently no effort was made to substantiate the petitioner's contentions except by oral evidence. Asked why he had not asked *308 the Red Cross for a duplicate receipt, petitioner stated that he did not realize he would be questioned so closely on the point. Numerous items set up on the income tax returns, and in the petition, were by the petitioner himself called erroneous. Thus, he testified that he worked for the shipbuilding company only about half of 1945 and that as to the claim for gloves, one-half as much as for 1944 would be ample; yet the claim for gloves in 1944 $36is, whereas in 1945 it is $30 - and the petitioner called it a mistake. Again the claim for laundering of work clothes in 1944 was $78 and the same amount was claimed in 1945, though, as above stated, he worked at the shipyards only about half of the year. His wife, he stated, stopped sending his clothes to the laundry after he quit at the shipyards. Petitioner, therefore, said that the item was another mistake. The claim for special shoes was $30 in 1944 and $40 in 1945, and the petitioner admitted that the claim should not have been more in 1945; likewise that the repairs for shoes should have been less in 1945 - though the claim is the same for each year. We note also that the claim for clothing ruined at work was $75 in 1945 as against *309 $60 for 1944, although this claim is, in effect, related only to the work with the shipbuilding company, which ceased about June 1, 1945. The only welding work was for about a period of six weeks in 1944 and thereafter the petitioner needed no welder's leather clothes or helmet, yet those items are both claimed in 1945. We hold that petitioner is entitled to deduction as to the items and in the amounts set forth in our findings of fact. Items claimed as to which no findings are made are omitted because of no proof thereof. The petitioners' returns were prepared by one Jackson who in conference with the petitioners noted down the amounts of deductions, upon a printed sheet containing the names of many types of deductions, with blanks after each for the amount thereof. The returns were signed in blank by the petitioners and sent in by Jackson, the petitioner receiving from Jackson a duplicate copy thereof. On the whole record it is apparent that the petitioners preferred to make their case on oral testimony rather than secure corroboration. Thus, nothing but oral statements were adduced as to union dues, though the testimony is that the petitioner had a union dues book, perhaps two *310 of them, in 1945 but had neither of them in court and no contention was made that they were lost or destroyed. The evidence, in general, indicated exaggeration of claims, lack of knowledge of the bases of the facts in connection therewith, inconsistencies and contradictions. It is only by rather heavy reliance upon the doctrine announced in Cohan v. Commissioner, 39 Fed. (2d) 540, that we have been able to make allowances in many instances. Thus, we have allowed for union dues and many contributions, within what we considered were probable limits, even though no receipts or other corroborative evidence was adduced. The respondent by amended answer pleaded section 293 (a), Internal Revenue Code, invoking the 5 per cent negligence penalty. In our opinion, there should be added to the tax the amounts as there provided, because of the failure to keep records as to 1944 (in which year the petitioners had gross income other than earnings from personal services, that is, from the sale of real estate - Section 54 (a), Internal Revenue Code, and Regulations 111, Section 29.54-1), and as to both 1944 and 1945 because of the negligence *311 in the preparation of the returns, under the facts above found and referred to. The obvious exaggeration of many claims and signing of the income tax returns in blank, resulting in various admitted errors, indicates a reckless and negligent attitude in the preparation of the returns and, in our opinion, constitutes such negligence as to come within the statute. We hold that a part of the deficiency is due to negligence and that 5 per cent of the total amount of the deficiency provided by Section 293 (a) of the Internal Revenue Code should be added to the tax. Decision will be entered under Rule 50.